J-S39018-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| THE DESIGN STUDIO AT 301, INC. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| GARY AND CYNTHIA DUNSWORTH, | |
| Appellees | No. 2070 MDA 2015 |

Appeal from the Order Entered November 2, 2015
in the Court of Common Pleas of Lebanon County
Civil Division at No.: 2014-01835

BEFORE:  STABILE, J., PLATT, J.[*], and STRASSBURGER, J.[*]

MEMORANDUM BY PLATT, J.:                              **FILED JUNE 24, 2016**

Appellant, The Design Studio at 301, Inc., in this companion case to the appeal filed at No. 2071 MDA 2015, appeals from the order of November 2, 2015, denying its petition to open/strike a default judgment.  For the reasons discussed below, we affirm.

We take the underlying facts and procedural history in this matter from the trial court's January 14, 2016 opinion.

> Appellant initiated the current action on October 14, 2014 by filing a notice of [m]echanic['s] lien for A[p]pellant's general contract work that was conducted on Gary Dunsworth and Cynthia Dunsworth's (hereinafter "Appellees") property. Subsequently, Appellant filed its complaint upon the [m]echanic's lien claim on November 19, 2014.  Appellees filed their answer to the complaint with [n]ew [m]atter on December

_____

[*] Retired Senior Judge assigned to the Superior Court.

15, 2014. Appellant filed its [r]eply to the [n]ew [m]atter on January 2, 2015.

Thereafter, Appellees filed a motion to [c]ompel discovery on April 17, 2015, which [the trial c]ourt granted on June 1, 2015. The order compelling discovery directed Appellant to provide responses to Appellees' interrogatories in 30 days. Appellant failed to comply with [the trial court's] order directing it to respond to the interrogatories within 30 days of the order. Subsequently, Appellees filed a [m]otion for [s]anctions pursuant to Pennsylvania Rule of Civil Procedure 4019 on July 6, 2015. This [c]ourt ordered sanctions against Appellant on July 6, 2015, including payment of attorney's fees and a default judgment entered in favor of Appellees.

Appellant filed a [p]etition to [o]pen/[s]trike the [d]efault [j]udgment on August 5, 2015. T[he trial c]ourt issued a rule on Appellee[s] to show cause why Appellant's [p]etition to [o]pen/[s]trike the [d]efault [j]udgment should not be granted on August 5, 2015. Appellees filed their [a]nswer to the [p]etition to [o]pen/[s]trike the [d]efault [j]udgment on August 24, 2015 and their memoranda of law in support of their answer on September 10, 2015. T[he trial c]ourt entered an order, filed on [November 2], 2015, denying the [p]etition to [o]pen/[s]trike the [d]efault [j]udgment.

On November 30, 2015, Appellant filed a [n]otice of [a]ppeal. Pursuant to [the trial court's] Pa.R.A.P. 1925(b) [o]rder, Appellant filed its [c]oncise [s]tatement of [e]rrors [c]omplained of on [a]ppeal on December 21, 2015. . . .[1] [**See** Pa.R.A.P. 1925(b)].

(Trial Court Opinion, 1/14/16, at 1-3) (footnote omitted).

On appeal, Appellant raises the following issue for our review:

Whether the trial court erred as a matter of law in denying the petition to strike/open judgment and to vacate order?

_____

[1] On January 14, 2016, the trial court issued an opinion. **See** Pa.R.A.P. 1925(a).

(Appellant's Brief, at 4) (unnecessary capitalization omitted).

Appellant challenges the denial of the portion of the petition to strike/open judgment (Petition) that sought to open the default judgment. (*See id.* at 7). However, Appellant has waived the claim.

> It is well settled that a petition to open a default judgment is an appeal to the equitable powers of the court, and absent an error of law or a clear, manifest abuse of discretion, it will not be disturbed on appeal. An abuse of discretion occurs when a trial court, in reaching its conclusions, overrides or misapplies the law, or exercises judgment which is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will.
>
> Generally speaking, a default judgment may be opened if the moving party has (1) promptly filed a petition to open the default judgment, (2) provided a reasonable excuse or explanation for failing to file a responsive pleading, and (3) pleaded a meritorious defense to the allegations contained in the complaint.

*Kelly v. Siuma*, 34 A.3d 86, 91-92 (Pa. Super. 2011), *appeal denied*, 42 A.3d 294 (Pa. 2012) (citations and footnote omitted).

Here, Appellant has waived this claim because its argument is undeveloped. The argument regarding the denial of the portion of the petition that sought to open the judgment consists of a paragraph of boilerplate law, (*see* Appellant's Brief, at 7), and a brief mention in the final paragraph of his argument section. (*See id.* at 13). Appellant at no point attempts to apply the facts of this matter to the three-part test for granting a motion to open. It is long-settled that failure to argue and to cite any

authority supporting the argument constitutes a waiver of the issue on appeal. *See Jones v. Jones*, 878 A.2d 86, 90 (Pa. Super. 2005). This Court will not act as counsel and will not develop arguments on behalf of an appellant. *See Bombar v. West Am. Ins. Co.*, 932 A.2d 78, 94 (Pa. Super. 2007). When deficiencies in a brief hinder our ability to conduct meaningful appellate review, we can dismiss the appeal entirely or find certain issues to be waived. *See* Pa.R.A.P. 2101. Because Appellant has failed to develop this issue, it waived it. *See id.*; *see also Bombar*, *supra* at 94; *Jones*, *supra* at 90.

In his brief, Appellant also appears to argue that the trial court erred in denying his petition to vacate the sanctions order.[2] Specifically, in his argument, Appellant claims that the trial court did not properly enter the sanctions order because it did not consider the necessity of sanctions before entering the order.[3] (*See* Appellant's Brief, at 9). However, Appellant has waived this claim.

---

[2] We note that in Appellant's statement of the scope and standard of review, it does not recite the scope and standard of review for opening and/or striking a judgment of *non pros* but rather that for the imposition of a sanctions order. (*See* Appellant's Brief, at 3).

[3] In his statement of the question involved, Appellant claims that the trial court erred in denying his petition to "vacate [the sanctions] order[,]" which implies that it sought to do so below. (Appellant's Brief, at 4). This is not correct, Appellant only sought to open and/or strike the judgment of *non pros* below. (*See* Petition to Strike and/or Open Judgment of *Non Pros*, Incorrectly Styled as Striking the Complaint and Mechanics' Lien or
*(Footnote Continued Next Page)*

Generally, "[o]ur standard of review of issues concerning sanctions is one of abuse of discretion by the trial court." ***ACE Am. Ins. Co. v. Underwriters at Lloyds and Companies***, 939 A.2d 935, 945 (Pa. Super. 2007), *affirmed by*, 971 A.2d 1121 (Pa. 2009) (citation omitted). However, our review of the entry of a discovery sanction that terminates the underlying litigation is subject to "strict scrutiny." ***Cove Centre, Inc. v. Westhafer Constr.***, 965 A.2d 259, 261 (Pa. Super. 2009).

Here, however, Appellant did not file a motion to reconsider the imposition of the sanction and did not appeal from the order entering the sanction. While, as noted above, it claims that its Petition challenged the imposition of sanctions, a review of the Petition demonstrates that this is not the case. (***See*** Petition, at 1-5). Issues raised for the first time on appeal are waived. ***See Yenchi v. Ameriprise Fin., Inc.***, 123 A.3d 1071, 1081 (Pa. Super 2015), *appeal granted*, 2016 WL 1247807 (Pa. filed March 30, 2016); ***see also*** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Further, this claim is not included in Appellant's Rule 1925(b) statement, which simply challenges the denial of the Petition. (***See*** Appellant's Concise Statement of Errors Complained of on Appeal, 12/21/15, at unnumbered page 1). As amended in 2007, Pennsylvania Rule of

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

Alternatively, Entry of Judgment by Default, 8/05/15, at unnumbered pages 1-5).

Appellate Procedure 1925 provides that issues that are not included in the Rule 1925(b) statement or raised in accordance with Rule 1925(b)(4) are waived. *See* Pa.R.A.P. 1925(b)(4)(vii); *see also Commonwealth v. Lord*, 719 A.2d 306, 308 (Pa. 1998), *superseded by rule on other grounds as stated in Commonwealth v. Burton*, 973 A.2d 428, 431 (Pa. Super. 2009). Thus, for the reasons discussed above, Appellant has waived any challenge to the grant of the motion for sanctions.

Lastly, Appellant claims that the trial court erred in denying the portion of the Petition that sought to strike the judgment of *non pros*. (*See* Appellant's Brief, at 7-13). We disagree.

> Our standard of review from the denial of a petition to strike a judgment is limited to whether the trial court manifestly abused its discretion or committed an error of law. A petition to strike a judgment will not be granted unless a fatal defect in the judgment appears on the face of the record. Matters outside of the record will not be considered and if the record is self-sustaining, the judgment will not be stricken. For example, a judgment is properly stricken where the record indicates a fatal flaw such as defective service.

*Vogt v. Liberty Mut. Fire Ins. Co.*, 900 A.2d 912, 915-16 (Pa. Super. 2006) (citations and quotation marks omitted). Further,

> [w]hen deciding if there are fatal defects on the face of the record for the purposes of a petition to strike a judgment, a court may only look at what was in the record when the judgment was entered. Importantly, a petition to strike is not a chance to review the merits of the allegations of a complaint. Rather, a petition to strike is aimed at defects that affect the validity of the judgment and that entitle the petitioner, as a matter of law, to relief. Importantly, [a] petition to strike does not involve the discretion of the [trial] court.

*Oswald v. WB Public Square Assoc., LLC*, 80 A.3d 790, 794 (Pa. Super. 2013) (citations and quotation marks omitted). Lastly, "where a fatal defect or irregularity is apparent from the face of the record, the prothonotary will be held to have lacked the authority to enter default judgment and the default judgment will be considered void." *U.S. Bank N.A. v. Mallory*, 982 A.2d 986, 991 (Pa. Super. 2009) (citation omitted).

Here, Appellant argues that there was a fatal defect on the face of the record. Namely, it claims that Appellees' motion for sanctions did not include either a certification that it was unopposed, an order permitting response, or a rule to show cause as required by Pennsylvania Rule of Civil Procedure 208.3[4] and Lebanon County Rule of Civil Procedure 52-208.3(A)[5] and (D).[6] (*See* Appellant's Brief, at 12). Appellant alleges that, because of this, the trial court imposed the sanction of an entry of a judgment of *non*

---

[4] Except as otherwise provided by subdivision (b), the court shall initially consider a motion without written responses or briefs. For a motion governed by this subdivision, the court may not enter an order that grants relief to the moving party unless the motion is presented as uncontested or the other parties to the proceeding are given an opportunity for an argument.

Pa.R.C.P. 208.3(a).

[5] "Except for motion made orally at trial or hearing, all motions must be filed in accordance with Rule 52-205.2." Leb.R.C.P. 52-208.3(A)(A).

[6] "Unless a motion is certified as uncontested, it shall be accompanied by an Order or Rule to Show Cause that is substantially in compliance with Pa.R.C.P. 208.4." Leb.R.C.P. 52-208.3(A)(D).

*pros* without first giving Appellant an opportunity to be heard as required by this Court's decision in **Cove Centre**, **supra**.[7, 8]  (**See** Appellant's Brief, at 7-13).  We disagree.

We find Appellant's reliance on **Cove Centre** to be misplaced.  **Cove Centre** was a direct appeal of an order granting sanctions.  **See Cove Centre**, **supra** at 261.  Thus, **Cove Centre** was decided under an entirely different and much broader scope and standard of review.  **See id.** at 261-62.  Appellant has not pointed to, and we cannot locate a single case in which a court has applied the holding of **Cove Centre** in the context of a petition to strike a judgment.[9]  Moreover, Appellant has not cited to a single

_____

[7] Appellant's claim that the trial court did not give it an opportunity to be heard is of questionable validity.  Appellant had an opportunity to respond to the motion to compel discovery and elected not to do so.  (**See** Notice of Listing Case for Argument Court, 4/23/15, at unnumbered page 1).

[8] We note that Appellees claim that while they wanted oral argument on the Petition, Appellant again was uninterested.  (**See** Appellees' Brief, at 5).  However, the sole support for this contention is a letter that Appellees append to their brief, which is not part of the certified record.  This Court has continually stated that copying material and attaching it to a brief does not make it a part of the certified record.  **See First Union Nat. Bank v. F.A. Realty Investors Corp.**, 812 A.2d 719, 724 n.3 (Pa. Super. 2002); **In re M.T.**, 607 A.2d 271, 275 (Pa. Super. 1992).  Because of this, we must disregard the letter attached to Appellees' brief.

[9] **Cove Centre** also involved an entirely distinct set of facts.  In **Cove Centre**, the defendant was *pro se*, he missed the discovery deadline by a mere three days, and the plaintiff never moved to compel discovery.  **See Cove Centre**, **supra** at 1263.  Factually, the instant matter is more akin to the facts in **Rohm and Haas Co. v. Lin**, 992 A.2d 132 (Pa. Super. 2010), *cert. denied*, 132 S.Ct. 852 (2011), wherein this Court affirmed the issuance
*(Footnote Continued Next Page)*

case in which any Court has found that the omission of a rule to show cause pursuant to Pennsylvania Rule of Civil Procedure 208.3 constitutes a fatal defect on the face of the record. We have stated:

> A judgment is void on its face if one or more of three jurisdictional elements is found absent: jurisdiction of the parties; subject matter jurisdiction; or the power or authority to render the particular judgment. The term "jurisdiction" relates to the competency of the individual court, administrative body, or other tribunal to determine controversies of the general class to which a particular case belongs.

*Green Acres Rehab. and Nursing Center v. Sullivan*, 113 A.2d 1261, 1268 (Pa. Super. 2015) (citation omitted).

Here, Appellant has not shown that the failure to include a rule to show cause with the motion for sanctions robbed the trial court of jurisdiction over the parties, subject matter jurisdiction, or the power or authority to render the particular judgment. Thus, at most, the omission was a technical defect on the face of the record, not a fatal one. *See id.* Accordingly, Appellant has not shown that the trial court manifestly abused its discretion or committed an error of law in denying Appellant's petition to strike; therefore, its claim must fail. *See Oswald*, *supra* at 794; *U.S. Bank*, *supra* at 991; *Vogt*, *supra* at 915-16.

Order affirmed.

_(Footnote Continued)_ ─────────────

of a default judgment because the appellant ignored discovery requests for a lengthy period of time and failed to comply with a grant of a motion to compel discovery. *See id.* at 140-41, 144.

Judge Stabile joins the Memorandum.

Judge Strassburger concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/24/2016