COVE CENTRE, INC., Appellee

v.

WESTHAFER CONSTRUCTION, INC., Appellant.

Superior Court of Pennsylvania.

Argued Oct. 28, 2008.
Filed Jan. 26, 2009.

Timothy J. Woolford, Lancaster, for appellant.

BEFORE: ORIE MELVIN, BENDER and FITZGERALD *, JJ.

OPINION BY BENDER, J.:

¶ 1 Westhafer Construction, Inc. (Westhafer) appeals the judgment entered in favor of Cove Centre, Inc. (Cove Centre) following imposition of discovery sanctions by the trial court. The court's order declared requests for admission to be admitted, precluded expert testimony, and entered judgment for the amount disputed by the parties in the sum of $293,701.76. Westhafer contends that the court's order constitutes an abuse of discretion as the court imposed the sanction without first allowing the defendant to be heard or entering an order compelling discovery. The trial court, upon reconsideration of the order, concluded that it had erred but determined that it was divested of jurisdiction given the pendency of an appeal before this Court. Upon review, we conclude that entry of the order did exceed the court's discretion under the circumstances. Accordingly, we reverse the order, vacate the judgment, and reinstate the underlying action.

¶ 2 This matter arose as a consequence of Westhafer's failure to file timely responses to Expert Witness Interrogatories and Requests for Admission ostensibly served on Westhafer on April 25 and May 31, 2007. Cove Centre issued both discovery requests after withdrawal by Westhafer's former counsel on April 18, 2007, and they remained unanswered through August 2007, when Westhafer retained new counsel. In the interim, on July 20, 2007,

* Former Justice specially assigned to the Superior Court.

Cove Center filed a Motion for Sanctions against Westhafer for its failure to respond to discovery. Three days later, without the benefit of a Motion to Compel, oral argument, or an evidentiary hearing, the trial court granted Cove Centre's Motion and entered an order deeming the Requests for Admissions admitted, precluding Westhafer from presenting expert testimony, and entering judgment against Westhafer for the entire amount in dispute, some $293,701.76. Thereafter, on August 4, 2007, Westhafer retained new counsel and, upon checking the docket, counsel discovered the earlier discovery sanction. Counsel first sought a stay of execution on the judgment and then, on August 14, 2007, filed a Motion for Reconsideration and Memorandum of Law, followed one week later by a Notice of Appeal to this Court to preserve Westhafer's right to appellate review. Subsequently, the trial court stayed execution of the judgment and scheduled a hearing on Westhafer's Motion for Reconsideration to convene October 4, 2007. Following the hearing, by order of October 26, 2007, the trial court issued a memorandum and order addressing the issues of reconsideration and jurisdiction, which stated "to the extent this Court has the authority to do so, reconsideration of this Court's order of July 23, 2007 is GRANTED." In a subsequent memorandum, filed on February 4, 2008, the court conceded that it could not support the order of July 23, 2007: "[I]n in our judgment, the Order should not have [been] entered at the time it [was] entered and under the circumstances it [was] entered. It should have been the subject of further inquiry. . . ."

¶ 3 On this appeal, Westhafer raises the following questions for our review:

1. Whether the [trial] court erred in entering judgment and ordering sanctions against Westhafer Construction, Inc. ("Westhafer")?

2. Whether the [trial] court failed to comply with Pa.R.C.P. 208.3 by entering an Order which granted relief to the moving party without giving Westhafer an opportunity for argument?

3. Whether the [trial] court failed to comply with Perry/Juniata County Local Rule of Civil Procedure 208.3(a)(5) by entering an Order which grants relief to a moving party without giving Westhafer an opportunity for argument or evidentiary hearing?

Brief for Appellant at 4.

¶ 4 Westhafer's questions challenge the trial court's entry of a discovery sanction that terminated the underlying litigation. Under these circumstances appellate review is stringent. *See Croydon Plastics Co., Inc. v. Lower Bucks Cooling & Heating,* 698 A.2d 625, 629 (Pa.Super.1997); *Steinfurth v. LaManna,* 404 Pa.Super. 384, 590 A.2d 1286, 1288–89 (1991) (recognizing "strict scrutiny" standard of review where discovery sanction imposed is tantamount to dismissal of underlying action). Generally, imposition of sanctions for a party's failure to comply with discovery is subject to the discretion of the trial court as is the severity of the sanctions imposed. *See Reilly v. Ernst & Young, LLP,* 929 A.2d 1193, 1199 (Pa.Super.2007); *Croydon Plastics Co.,* 698 A.2d at 629. Nevertheless, the court's discretion is not unfettered; "since dismissal is the most severe sanction, it should be imposed only in extreme circumstances, and a trial court is required to balance the equities carefully and dismiss only where the violation of the discovery rules is willful and the opposing party has been prejudiced." *Stewart v. Rossi,* 452 Pa.Super. 120, 681 A.2d 214, 217 (1996). Consequently, where a discovery sanction either

terminates the action directly or would result in its termination by operation of law, the court must consider multiple factors balanced together with the necessity of the sanction. *See id., see also Steinfurth*, 590 A.2d at 1289.

> Mindful, of course, that each factor represents a necessary consideration and not a necessary prerequisite, this Court has outlined the following factors:
>
> (1) the nature and severity of the discovery violation;
>
> (2) the defaulting party's willfulness or bad faith;
>
> (3) prejudice to the opposing party;
>
> (4) the ability to cure the prejudice; and
>
> (5) the importance of the precluded evidence in light of the failure to comply.

*Croydon Plastics Co.*, 698 A.2d at 629.

■ ¶ 5 Upon consideration of the foregoing factors, we concur in the trial court's conclusion that its order granting sanctions should not have been entered in the absence of further inquiry surrounding Cove Centre's motion. The sanction imposed consisted of the deemed admission of Cove Centre's Requests for Admission as well as preclusion of expert testimony and entry of judgment in an amount approaching $300,000. With the potential exception of imposition of counsel fees, no greater sanction is available in a civil case. Consequently, a balancing of the equities

emphasizing the nature and motive of the non-compliant party's conduct is mandatory. *See id.*

■■ ¶ 6 Although Westhafer's underlying failure to respond to the related discovery requests is significant, it coincides with the withdrawal of Westhafer's former counsel and its subsequent status as an unrepresented party; nothing in the record suggests that its failure to comply with discovery was willful. Nor does it suggest demonstrable bad faith. Although Cove Centre argues strenuously to the contrary, Brief for Appellee at 13–14, its assertions are, per force, based upon supposition as no argument or evidentiary hearing was ever convened during which Westhafer might have explained its actions.[1] The record reflects only that Westhafer failed to retain new counsel upon notice of its former counsel's withdrawal and failed, subsequently, to respond to discovery, service of which was made, presumably, by first-class mail. Although we acknowledge, as Cove Centre argues, that a party remains bound by the Rules of Court even in the absence of counsel, *Peters Creek Sanitary Authority v. Welch*, 545 Pa. 309, 681 A.2d 167, 170 n. 5 (1996), we cannot conclude, without more, that an unrepresented party's failure to comply with those Rules amounts to "willfulness or bad faith" as contemplated by our case law, *see Croydon Plastics Co.*, 698 A.2d at 629.[2,3]

---

1. The absence of an opportunity to be heard on the record poses a violation of Pa.R.C.P. 208.3, which requires an opportunity for oral argument upon all motions unless the motion is uncontested or devoid of merit on its face in which case it may be denied without a hearing. We discuss that procedural aspect of the case, *infra*.

2. To the extent Cove Centre's argument suggests that Westhafer's failure to secure counsel was itself willful, we find its claim similarly without merit.

3. Cove Centre argues that this Court's decision in *Stewart* affirming the trial court's termination of the underlying litigation as a sanction for the plaintiff's failure to comply with discovery counsels a similar result here. Brief for Appellee at 14. We find *Stewart* readily distinguishable. In this case, Westhafer failed to retain new counsel within the timeframe specified by the trial court and failed to respond to two requests for discovery. Its non-compliance spanned approximately six months. In *Stewart*, by contrast, the plaintiff committed "the most egregious" violations, failing to provide adequate re-

¶ 7 As concerns potential prejudice occasioned by Westhafer's failure to comply with discovery, the record discloses no hardship to Cove Centre not readily remedied upon remand. We acknowledge, as Cove Centre argues, that Westhafer's failure to comply with the important discovery requests at issue hampered Cove Centre's efforts to prepare for trial. Indeed, trial was scheduled to commence within two months of Westhafer's non-compliance, in August 2007. Nevertheless, Cove Centre never filed a Motion to Compel Discovery so as to invoke the trial court's authority in the interest of advancing the litigation and minimizing delay, which has now been extended by the necessity of this appeal. Moreover, the violations in question did not result in a loss of evidence favorable to Cove Centre or impose any other substantial hardship of record. Ostensibly, Westhafer's compliance with the discovery requests in question, even at this late date, would allow the matter to proceed to a full and fair resolution. Compared to the extraordinary prejudice visited upon Westhafer by a sanction order that the trial court has since repudiated, the prejudice to Cove Centre imposed by Westhafer's failure to comply with discovery is minimal. Consequently, the sanctions cannot be sustained as imposed and the trial court's order must be reversed.

¶ 8 In support of its second and third questions, Westhafer contends that the trial court also erred in failing to convene oral argument in accordance with Pa.R.C.P. 208.3 and its local analog prior to imposing sanctions. Brief for Appellant at 20. The trial court's opinion does not expressly address this point. Moreover,

upon review of the Rule itself, we note that no appellate case has considered the issue of Rule 208.3's application to motions invoking the court's authority to resolve an impasse in pre-trial discovery. While Cove Centre contends that Pa.R.C.P. 4019 and interpretive case law providing for discovery sanctions allows for imposition of sanctions with neither a hearing nor oral argument, we conclude that both Rule 208.3 and Pa.R.C.P. 4019 effectively mandate oral argument whenever a discovery motion is neither uncontested nor facially meritless.

¶ 9 Rule 208.3 provides, in pertinent part, as follows:

Rule 208.3.   Alternative Procedures

(a) Except as otherwise provided by subdivision (b), the court shall initially consider a motion without written responses or briefs. *For a motion governed by this subdivision, the court may not enter an order that grants relief to the moving party unless the motion is presented as uncontested or the other parties to the proceeding are given an opportunity for an argument.*

> Note: Rule 208.3(a) does not prevent a court from denying the moving party's request for relief without the opportunity for an argument where the motion is procedurally defective, is untimely filed or fails to set forth adequate grounds for relief.

Pa.R.C.P. 208.3 (emphasis added). Perry/Juniata County Rule 208.3(a)(5) appears to be even more restrictive, directing that:

> [T]he Court shall not enter an order that grants relief to the moving party unless the motion is presented as uncontested or the parties are given an opportunity

sponses to discovery over a course of years while its counsel displayed a " 'disdainful and contemptuous attitude' for the procedures designed to resolve the case." *See Stewart,* 681

A.2d at 217–218. Given this obvious dissimilarity in the nature and duration of the conduct at issue, we do not find *Stewart* persuasive on this point.

for argument or an Evidentiary Hearing.

Perry/Juniata County Rule 208.3(a)(5).

¶ 10 Cove Centre, opposing application of either version of Rule 208.3 to discovery violations, argues that Rule 4019 contemplates the imposition of sanctions merely upon motion and allows that the trial court may but is not required to convene oral argument beforehand in conformity with Rule 208.3. Brief for Appellee at 16. Cove Centre does acknowledge a Note included in Rule 4019 providing that "[m]otions for sanctions are governed by the motion rules, Rule 208.1 et seq." *Id.* Nevertheless, Cove Centre contends that the Note is non-binding and that this Court has continued to allow imposition of sanctions without oral argument even after the adoption of Rule 208.3. *Id.* (citing *Sahutsky v. Mychak, Geckle & Welker, P.C.*, 900 A.2d 866, 871 (Pa.Super.2006)). We find this assertion without merit.[4]

¶ 11 In *Sahutsky*, a panel of this Court held that a trial court was not required to hold a formal record hearing before granting a *non pros* against the plaintiffs based upon their failure to respond to various discovery requests. *See id.* We note, however, that the discovery violations at issue in *Sahutsky* occurred during April, May, and June of 2003, and the trial court imposed its sanction in July 2003. Rule 208.3, as well as its companion rules governing motions practice, were first adopted on October 24, 2003, to take effect on July 26, 2004—a full year after the trial court in *Sahutsky* granted the *non pros* at issue in that case. As Rules of Court are accorded only prospective effect, Rule 208.3 had no application to the violations at issue in *Sahutsky*, which had occurred prior to either the Rule's effective date or its adoption. Consequently, the decision in *Sahutsky* is of no value in interpreting the scope of Rule 208.3 or its application to motions for discovery sanctions.

¶ 12 As we observed *supra,* a Note to Rule 4019 provides that "[m]otions for sanctions are governed by the motion rules, Rule 208.1 et seq." Finding the Note persuasive, we deem the requisites of Rule 208.3 fully applicable to the discovery sanctions at issue here. In accordance with that Rule, as well as the local rule, the trial court could not grant Cove Centre's Motion for Sanctions without first convening oral argument or an evidentiary hearing unless the motion was uncontested. Based on the record before us, we do not find that precondition satisfied. The trial court granted the Motion without recourse to an order compelling discovery and did so only three days after the Motion for Sanctions was filed. Moreover, the docket offers no indication of when or if the Motion was served upon Westhafer. Because we find no basis upon which to conclude that Westhafer was aware of the Motion or had ample opportunity to respond, we cannot deem the Motion uncontested. Accordingly, Rule 208.3 and its local analog would appear to mandate that oral argument or an evidentiary hearing be convened prior to entry of the trial court's order. The court's failure to convene such a proceeding constitutes error.

¶ 13 For the foregoing reasons, we vacate the judgment entered in the trial court and reinstate the underlying action.

¶ 14 Judgment **VACATED.** Case **REMANDED** for further proceedings consis-

---

4. We recognize, of course, that Notes and Comments to the Rules of Court do not bind us. *See McGonigle v. Currence*, 387 Pa.Super. 511, 564 A.2d 508, 511 (1989). Nevertheless, we find the Notes to both Rule 4019 and Rule 208.3 quite persuasive, as they offer a complementary approach to the application of both rules.