J-A24032-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LORI JUNE BEAVER, RICHARD AND PEARL CHERRY, KAREN FEDUS, AND DANIEL CHERRY, | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : | |
| v. | : : | |
| RICHARD A. CHERRY, JR. | : | No. 1407 WDA 2016 |

Appeal from the Order August 19, 2016
in the Court of Common Pleas of Elk County,
Orphans' Court, No(s):  11 of 2012

BEFORE:  MOULTON, SOLANO and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED NOVEMBER 16, 2017**

Lori June Beaver, Richard and Pearl Cherry, Karen Fedus and Daniel Cherry ("Plaintiffs") appeal from the Order overruling their Exceptions to the Confirmation of Account filed by Richard A. Cherry, Jr. ("Cherry").  We affirm.

In its Opinion, the Orphans' Court summarized the history underlying the instant appeal as follows:

> This matter commenced on March 21, 2012, by Plaintiffs' filing a [P]etition to remove [Cherry] as a trustee under an irrevocable trust[,] which had been created by Richard Cherry and Pearl Cherry (both now deceased) on May 1, 2009. [Cherry] responded with an Answer, New Matter and Counterclaim.  While said action was pending, on June 6, 2013, Plaintiffs filed the Complaint[,] that is yet unresolved[,] alleging that [Cherry] breached [his] fiduciary duties as a power of attorney.  An accounting was demanded.  An [A]ccounting was filed on September 9, 2013.  Plaintiffs filed [O]bjections[,] and on June 18, 2014, the [O]bjections were dismissed with prejudice ….  Plaintiffs filed an appeal of said Order[,] and the appeal was

quashed by the Superior Court by a Memorandum Opinion of February 18[, 2015,] due to the appeal being interlocutory. [***See Beaver v. Cherry***, 141 A.3d 598 (Pa. Super. 2016) (unpublished memorandum)]. The Court[,] in its Memorandum Opinion[,] ruled that [Pa.R.A.P.] 342(a)(1) permitted an appeal of right from an order confirming an account, but no appeal is permitted from an order dismissing objections. In a footnote[,] the Court noted that other matters asserted in [Plaintiffs'] Complaint remained to be resolved.

The deaths of the trust beneficiaries rendered moot the trust matters that had been asserted in the Complaint. Therefore, upon return of the file to the [Orphans' Court], the [Orphans' Court] held a status conference to determine what matters remained to be resolved. [The Orphans' Court's] Order of July 20, 2016[,[1]] resulting from said conference[,] states: "This [c]ourt finds that the issues remaining to be resolved are those set forth in the Complaint filed on June 6, 2013, in Paragraphs 68, 69, and 70 of the Demand for Return of Assets, and in Paragraphs B, C, D and E of the prayer for relief." Said paragraphs dealt only with the return of assets including "monies" and any amounts due Plaintiffs as a result of the Accounting, costs of suit and the typical "any other relief" clause. It specifically excluded any requirement of [Cherry] to account for his actions as Power of Attorney. There was no response to said [O]rder by Plaintiffs.

On July 2[1], 2016, the [Orphans' Court] also filed an Order confirming the Power of Attorney's Account that had been filed on September 9, 2013. The Plaintiffs' [O]bjections to said Account have been dismissed with prejudice in the above referred to Order of June 18, 2014 of [the Orphans' Court]. There was no need for a hearing in July of 2015 on the Confirmation[,] because the earlier ruling of [the Orphans' Court] dismissing [O]bjections left t[he] [c]ourt with no dispute to be resolved by a hearing. With no outstanding objections or exceptions pending, the Account could only be confirmed.

Following the [Orphans' Court's] filing of the Order confirming the Account, Plaintiffs filed a pleading for which there is no provision in the Orphans' Court Rules, entitling it

---

[1] The Order denying Exceptions was dated July 20, 2016, but filed on July 21, 2016.

"Exceptions To Confirmation of Account." [The Orphans' Court] then filed its Order … [on] August 19, 2016, overruling said "Exceptions." It is important to note that the [E]xceptions filed were not to the Account, itself, but to an improvised pleading excepting to the confirmation. No appeal to the Superior Court was filed from [the Orphans' Court's] Order [confirming the Account].

[Following the dismissal of their Exceptions,] Plaintiffs then filed the instant appeal to the Superior Court[,] and in their Notice of Appeal, they state that the appeal is of [the Orphans' Court's] Order of August 19, 2016….

Orphans' Court Opinion, 1/26/17, at 1-3 (footnote added). Plaintiffs thereafter filed a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Plaintiffs now presents the following claims for our review:

I. WHETHER THE [ORPHANS'] COURT ABUSED ITS DISCRETION OR ERRED AS A MATTER OF LAW IN DISMISSING [PLAINTIFFS'] OBJECTIONS TO [CHERRY'S] ACCOUNTING WITHOUT FIRST SCHEDULING AN EVIDENTIARY HEARING OR OTHERWISE ALLOWING [PLAINTIFFS] THE OPPORTUNITY TO BE HEARD[?]

II. WHETHER THE [ORPHANS'] COURT ABUSED ITS DISCRETION BY SEVERELY SANCTIONING [PLAINTIFFS] FOR "REPEATED DISCOVERY VIOLATIONS" WHEN[,] IN FACT[,] IT WAS [CHERRY], AND NOT [PLAINTIFFS], WHO HAD REPEATEDLY COMMITTED DISCOVERY VIOLATIONS[?]

III. WHETHER THE [ORPHANS'] COURT ABUSED TIS DISCRETION BY SEVERELY SANCTIONING [PLAINTIFFS] FOR ALLEGED DISCOVERY VIOLATIONS WITHOUT WEIGHING THE SEVERITY OF THE SANCTION AGAINST THE LACK OF PREJUDICE TO [CHERRY], THE LACK OF WILLFULNESS AND BAD FAITH ON THE PART OF [PLAINTIFFS] AND THE EASE WITH WHICH THE ALLEGED VIOLATIONS COULD BE CURED[?]

Brief for Appellants at 6-7.

As this Court has explained,

> [w]hen reviewing a decree entered by the Orphan[s'] Court, we must determine whether the record is free from legal error and the court's factual findings are supported by the evidence. It must be remembered, however, the Orphan[s'] Court is the fact-finder and thus determines the credibility of all witnesses who may testify. We, who only receive the records of the proceedings, do not reverse the credibility determinations of the Orphan[s'] Court absent an abuse of discretion.

*In re Dentler Family Trust*, 873 A.2d 738, 744 (Pa. Super. 2005) (emphasis, internal quotation marks and citations omitted).

Plaintiffs first two claims challenge the Orphans' Court's dismissal of their Objections to the Account filed by Cherry. In their first claim, Plaintiffs argue that the Orphans' Court improperly granted Cherry's Motion to dismiss their Objections as a discovery sanction, without first scheduling an evidentiary hearing or allowing them the opportunity to be heard. Brief for Appellants at 20. Plaintiffs point out that the Orphans' Court dismissed the Objections as a discovery sanction, only two days after Cherry had filed his Motion. *Id.* According to Plaintiffs, Pa.R.C.P. 208.3(a) does not allow for the grant of relief to the moving party, "unless the motion is presented as uncontested or the other parties to the proceeding are given an opportunity for argument." *Id.* at 20-21 (quoting Pa.R.C.P. 208.3(a)). Plaintiffs direct our attention to this Court's decision in *Cove Centre, Inc. v. Westhover Const. Inc.*, 965 A.2d 259 (Pa. Super. 2009), in support. Brief for Appellants at 21.

- 4 -

In their second claim, Plaintiffs again challenge the dismissal of their Objections to Cherry's Account as a discovery sanction. Brief for Appellants at 22. Plaintiffs argue that they were not repeatedly directed to comply with discovery requests. *Id.* at 23. Rather, Plaintiffs argue, it was Cherry who repeatedly committed discovery violations. *Id.* at 24.

Initially, we must address whether Plaintiffs have preserved their first two claims for appellate review. Pennsylvania Rule of Appellate Procedure 342(a)(1) provides that an appeal may be taken as of right from "[a]n order **confirming** an account[.]" Pa.R.A.P. 342(a)(1) (emphasis added). Rule 342 cautions that the failure to appeal an order that is immediately appealable under subsection (a)(1) "shall constitute a waiver of all objections to such order **and such objections may not be raised in any subsequent appeal**." Pa.R.A.P. 342(c) (emphasis added).

Our review of the record discloses that Cherry filed his Account in the Orphans' Court on September 9, 2013. Plaintiffs filed Objections to Cherry's Account. On June 18, 2014, the Orphans' Court dismissed Plaintiffs' Objections, but its Order did not confirm Cherry's Account. Plaintiffs appealed the Order dismissing their Objections. This Court quashed Plaintiffs' appeal, explaining that "[a]n order that merely dismisses objections, **but does not confirm an account**, is not a final appealable order." *Beaver*, 141 A.3d 598 (unpublished memorandum at 4) (emphasis added, citation omitted).

On remand, as Plaintiffs' Objections had been dismissed in 2014, the Orphans' Court entered an Order confirming the Account. Orphans' Court Order, 7/21/16. Plaintiffs did not file an appeal of the July 21, 2016 Order confirming the Account. Instead, they filed self-styled "Exceptions to Confirmation of Account." The Orphans' Court denied the Exceptions on August 19, 2016. On September 19, 2016, Plaintiffs filed a Notice of Appeal of the August 19, 2016, Order denying their Exceptions.

Pennsylvania Rule of Appellate Procedure 342 clearly states that an appeal lies from the order confirming an account, and that the failure to file an appeal of that order waives all future claims related to the account. Pa.R.A.P. 342(a)(1). Plaintiffs failed to appeal the July 21, 2016, Order confirming Cherry's Account. Consequently, Plaintiffs' claims challenging the denial of their Objections and Exceptions to the Account are waived.[2] **See** Pa.R.A.P. 342(c); **see also** Pa.O.R.C. 8.1 (providing that, except as provided in Pa.O.R.C. 8.2, "no exceptions or post-trial motions may be filed to any order or decree of the court.").[3]

---

[2] Even if Plaintiffs had filed a timely appeal of the Order confirming the Account, we would conclude that Plaintiffs' claims lack merit for the reasons set forth in the Orphans' Court's Opinion. **See** Orphans' Court Opinion, 1/26/17, at 3-5.

[3] We note that a party "may request the court to reconsider any order that is final under Pa.R.A.P. … 342, … so long as the order granting reconsideration is consistent with Pa.R.A.P. 1701(b)(3)." Pa.O.R.C. 8.2. Plaintiffs did not request reconsideration of the Order confirming the Account.

In their third claim of error, Plaintiffs argue that the Orphans' Court abused its discretion dismissing their Objections to the Account "as the alleged violations of discovery rules were not willful[,] and did not result in prejudice to [Cherry]." Brief for Appellants at 31-32. Plaintiffs contend the Orphans' Court was required to consider, *inter alia*, the nature and severity of the discovery violation, and the prejudice to the opposing party, before imposing a discovery sanction. *Id.* at 32-33. According to Plaintiffs, it was Cherry who repeatedly violated the rules of discovery. *Id.* at 34. Plaintiffs argue that Cherry's justifications for seeking discovery sanctions lack merit. *Id.* at 33-40.

Our review discloses that Plaintiffs did not raise this claim in their Concise Statement of matters complained of on appeal. Accordingly, this claim is waived. *See* Pa.R.A.P. 1925(b)(4)(vii) (providing that "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."). Plaintiffs additionally waived this claim by not filing an appeal of the Order confirming the Account filed by Cherry. *See* Pa.R.A.P. 342(a)(1). As such, we cannot grant Plaintiffs relief on this claim.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/16/2017