J-A04041-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| C.T.E. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| D.S.E. | |
| Appellant | No. 1107 MDA 2017 |

Appeal from the Order Entered June 13, 2017
In the Court of Common Pleas of Schuylkill County
Domestic Relations at No(s): 2016-50628
PACSES NO. 241115910

| | |
|---|---|
| D.S.E. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| C.T.E. | |
| Appellee | No. 1107 MDA 2017 |

Appeal from the Order Dated June 13, 2017
In the Court of Common Pleas of Schuylkill County
Domestic Relations at No(s): 2016-50682
PACSES NO. 699115940

BEFORE: STABILE, J., NICHOLS, J., AND RANSOM, J.*

MEMORANDUM BY RANSOM, J.: **FILED MARCH 27, 2018**

Appellant, D.S.E. ("Father"), appeals from the order dated June 13, 2017, entered in an action for support of the parties' four minor children. Appellee, C.T.E. ("Mother"), has also filed a motion to quash the appeal. After careful review, we affirm the trial court's entry of a sanction against

*Retired Senior Judge Assigned to the Superior Court

Father in the form of establishing his income at $4,388.00 per month, but we remand this case to the trial court and vacate the orders of January 6, 2017, March 2, 2017, and June 13, 2017, for the limited purpose of allowing the trial court to clarify whether Father's specified income was gross or net and to allow any necessary recalculation of the child support award as a result of that clarification. Mother's motion to quash is denied.

On May 4, 2016, Mother filed a complaint for child support against Father. On May 25, 2016, Father filed a complaint for alimony pendente lite.

On August 2, 2016, Mother served Father with her first set of interrogatories and her first request for production of documents. Pursuant to Pa.R.C.P. 4006 and 4009.12, Father was required to answer these requests within thirty days. Having received no response, on October 19, 2016, Mother filed a motion to compel discovery. On October 21, 2016, Father answered the interrogatories but produced only a fraction of the items in Mother's request for production of documents. On November 16, 2016, the trial court entered an order requiring Father to answer Mother's discovery requests within twenty days or be subject to sanctions. Mother's counsel contacted Father's counsel about the missing documents on November 3 and 17, 2016. On November 23, 2016, Mother's counsel sent an e-mail to Father's counsel itemizing missing documents. On December 7, 2016, Father filed objections to Mother's request for production of documents.

On December 15, 2016, Mother filed a motion for sanctions for Father's failure to respond to discovery. Father never responded to this motion. On January 6, 2017, the trial court entered an order imposing sanctions, including a sanction establishing Father's income at $4,388 per month.

On March 2, 2017, the trial court dismissed Father's complaint for alimony pendent lite and ordered Father to pay $1,232 per month in support. This child support obligation was based upon the monthly income ordered for Father of $4,388 as a sanction in the January 6th order.

Thereafter, Father filed exceptions to the support order, and, on June 13, 2017, the trial court entered an order overruling Father's exceptions. In that order, the trial court explained that its reasons for entering the sanctions on January 6, 2017, were:

> because of [Father's] dilatory conduct in failing to timely provide the requested discovery regarding his income and expenses and in light of his failure to timely respond to counsel's repeated requests for said information after we had entered an Order dated November 16, 2016 directing him to produce the requested discovery without objection within twenty days, which he ignored, other than to file a dilatory Answer and Objections, and also in failing to respond to a further Motion for Sanctions establishing his income at $4,388.00 per month; by failing to respond to said Motion, [Father] waived any argument he may have otherwise [had] as to whether that income was gross business receipts, a monthly gross income figure or a monthly net income figure.

Trial Ct. Order, 6/13/17, at 1-2.

On July 10, 2017, Father simultaneously filed a notice of appeal and statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) ("1925(b) Statement"). On July 19, 2017, the trial court entered an order that its order of June 13, 2017, would serve as its opinion pursuant to Pa.R.A.P. 1925(a).

By order of August 2, 2017, this Court directed Father to show cause as to why this appeal should not be quashed as having been taken from an order that is interlocutory and not appealable. *See* Pa.R.A.P. 341(a) ("an appeal may be taken as of right from any final order of a government unit or trial court"). Father filed a timely response, arguing why the subject order is final and appealable, as follows:

> With the entry of [the trial court]'s Order of June 13, 2017, the Interim Support Order became a Final Support Order, and a Final Order as it relates to the Judge's prior Sanctions Orders, and with the entry of the Order of June 13, 2017 the instant support matter became final, since it disposed of all claims of all of the parties, and there are no claims pending before the Court of Common Pleas of Schuylkill County.

Father's Answer to Order of Aug. 2, 2017, 8/10/17, at 2. Thereafter, this Court discharged the show cause order and referred the appealability issue to this merits panel.

Pursuant to Pa.R.A.P. 341(b)(1), "[a] final order is any order that disposes of all claims and of all parties." Since the June 13 order disposes of all claims and all parties, Father is correct that it is a final, appealable order.

On August 23, 2017, Mother filed with this Court what she labelled to be a "motion to quash appeal." More accurately, Mother is not requesting

- 4 -

that the entire appeal be quashed but that any issues raised in Father's brief that were not raised in his Statement not be considered by this Court. Based upon our review of Father's 1925(b) Statement and of the statement of questions involved in Father's Brief pursuant to Pa.R.A.P. 2116, we find no issues raised in Father's Brief that were not also preserved in his 1925(b) Statement.[1]

Father now raises four issues for our review:

> I. Did the [trial] court err and abuse its discretion by entering an order sanctioning [Father] for allegedly[2] failing to fully and completely respond to [Mother]'s discovery requests, without providing [Father] with the opportunity to argue the merits of the motion for sanctions, and without requiring that [Mother] follow the strict procedure, dealing with motions practice in Schuykill County.

> II. Did the [trial] court err and abuse its discretion by imposing the severe sanction of attributing an inflated earning capacity to [Father], as a sanction for [Father]'s alleged failure to file full and complete answers to [Mother]'s discovery requests, and did the [trial] court impose the sanction without evaluating the factors which this [C]ourt has indicated must be evaluated before sanction may be imposed, including whether the violation of the discovery rules was willful, whether the alleged failure to respond was in bad faith, whether [Mother] had been prejudiced as a result of [Father]'s alleged failure to fully and completely respond to the discovery requests, the number of prior violations of the discovery rules, whether the alleged

---

[1] Moreover, since any issues not included in a statement of matters complained of on appeal are deemed waived pursuant to Pa.R.A.P. 1925(b)(4)(vii), we would not consider any such issues, in any case.

[2] Throughout his brief to this Court, Father "respectfully submits that he did fully and completely answer [Mother]'s discovery requests[.]" Father's Brief at 21; **see also id.** at 9-10, 14.

failure to respond could be cured, the nature and severity of the discovery violation, and the importance of the precluded evidence in light of the failure to comply?

III.    Did the [trial] court err and abuse its discretion by sua sponte imposing sanctions by its sanctions order of January 6, 2017, although the [trial] court had previously directed, by its order of December 28, 2016, that the support paperwork be returned to the domestic relations office, in light of [Father]'s answers and objections filed in response to [Mother]'s discovery requests?

IV.    Did the [trial] court err and abus[e] its discretion by imposing, as a sanction, an earning capacity of $4,388.00 on [Father], without indicating whether this was [Father]'s gross or net income, which the support hearing officer indicated he was obliged to accept, without permitting [Father] to offer any evidence whatsoever to establish his income and expenses.

Father's Brief at 5-6 (suggested answers omitted).

Our standard of review is as follows:

Generally, imposition of sanctions for a party's failure to comply with discovery is subject to the discretion of the trial court, as is the severity of the sanctions imposed. The trial court's discretion, however, is not unfettered. When a discovery sanction is imposed, the sanction must be appropriate when compared to the violation of the discovery rules. Because dismissal is the most severe sanction, it should be imposed only in extreme circumstances, and a trial court is required to balance the equities carefully and dismiss only where the violation of the discovery rules is willful and the opposing party has been prejudiced.

***Anthony Biddle Contractors, Inc. v. Preet Allied Am. St., LP***, 28 A.3d

916, 926 (Pa. Super. 2011) (internal brackets, citations, and quotation

marks omitted).

In the current action, Father contends that:

the [trial] court erred and abused its discretion by entering an order sanctioning [him] for allegedly failing to fully and

- 6 -

completely respond to [Mother]'s discovery requests, without providing [him] with the opportunity to argue the merits of the motion for sanctions, and without requiring that [Mother] follow the strict procedures under the Schuylkill County Rules of Civil Procedure, dealing with motions practice in Schuylkill County.

\* \* \*

The [trial] court erred and abused its discretion by imposing the severe sanction of attributing an inflated earning capacity to [Father], as a sanction for [Father]'s alleged failure to file full and complete answers to [Mother]'s discovery requests, without carefully evaluating the factors which this Court has clearly indicated must be evaluated before sanctions may be imposed, including whether the violation of the discovery rules was willful, whether the alleged failure to respond was in bad faith, whether [Mother] had been prejudiced as a result of [Father]'s alleged failure to fully and completely respond to the discovery requests, the number of prior violations of the discovery rules, whether the alleged failure to respond could be cured, the nature and severity of the discovery violation, and the importance of the precluded evidence in light of the failure to comply. . . .

[I]t is also clear that the [trial court is] essentially "throwing him out of Court", without taking into consideration the factors which have been repeatedly enunciated by this Court, when the [trial c]ourts are determining a sanction, warrant this Court's reversing the [trial c]ourt's Order of January 6, 2017 imposing sanctions, and remanding the instant matter to the Court of Common Pleas of Schuylkill County for a new Support Hearing.

Father's Brief at 18, 21-22.[3]

Mother answers:

_____

[3] We combine our analysis of Father's first and second issues raised on appeal, because both concern whether the trial court erred and abused its discretion in granting Mother's motion for discovery sanctions and imposing a sanction of a specific monthly income without first allowing a hearing on either the motion for sanctions or the underlying child support claim. **See** Father's Brief at 18-25.

The trial court properly entered an order imposing sanctions on [Father] for his repeated and willful failure to cooperate with discovery and with an order compelling him to provide evidence of his income and expenses without a hearing when [Father] also failed to answer the motion for sanctions or request a hearing pursuant to the Pennsylvania Rules of Civil Procedure and the Schuylkill County local rules, thereby waiving his objections.

Mother's Brief at 18.

According to Pa.R.C.P. 208.3(b):

A court, by local rule, numbered Local Rule 208.3(b), may impose requirements with respect to motions listed in the rule for the filing of a response, a brief or both. Where a response is required, any party opposing a motion governed by Local Rule 208.3(b) shall file the response within twenty days after service of the motion, unless the time for filing the response is modified by court order or enlarged by local rule.

The applicable local rule, here, states:

Every motion not certified as uncontested shall be accompanied by a memorandum containing a concise statement of the legal contentions and authorities relied upon in support of the motion and an affidavit of service upon the party against whom relief is sought, or to his attorney.

Any party opposing the motion shall file and serve such answer or other response that may be appropriate, a memorandum in opposition, and an affidavit of service upon the other party within twenty (20) days after service of the originating motion and supporting brief, unless the Pennsylvania Rules of Civil Procedure mandate a period of time different than twenty (20) days. **In the absence of a timely response, the motion may be treated as uncontested.** The Court may require or permit further briefing, if appropriate.

Schuylkill Cty. R.C.P. 208.3(b) (emphasis added).[4]

---

[4] It is undisputed that this local rule of civil procedure applies to Mother's motion for sanctions, as both parties cite to it. Father's Brief at 19; Mother's Brief at 18-20, 22-23.

Here, Father never filed an answer to Mother's motion for sanctions. By his own admission, he did not follow the local rules of civil procedure, Father's Brief at 19. Hence, the trial court properly treated Mother's motion as uncontested. *See* Schuylkill Cty. R.C.P. 208.3(b). Since the motion was deemed uncontested, there was no reason for the trial court to schedule a hearing on the motion or to evaluate any factors prior to imposing sanctions.

Father also contends that the trial court should not have considered Mother's motion for sanctions, because it was not accompanied by the memorandum required by Schuylkill Cty. R.C.P. 208.3(b). Father's Brief at 19. He argues:

> [A]lthough the Schuylkill County Local Rule did provide that a Motion had to be responded to, since the Court of Common Pleas of Schuylkill County ignored the Rule dealing with the requirements of a movant who files a motion, which includes the filing of a brief, and *Cove Centre, Inc.*[ *v. Westhafer Constr.*, 965 A.2d 259 (Pa. Super. 2009),] makes it clear that Pa. R.C.P. 208.3 and Pa. R.C.P. 4019 effectively mandate oral argument whenever a discovery motion is neither uncontested nor facial meritless, [Father] respectfully submits that the [trial] court erred and abused its discretion by imposing the severe sanction of attributing an income to him for support guideline purposes, without allowing him to present testimony on his true earning capacity.

*Id.* at 20-21.

However, since Father never responded to Mother's motion for sanctions, he never raised this claim before the trial court. "Issues not raised in the lower court are waived and cannot be raised for the first time

on appeal." Pa.R.A.P. 302(a). Consequently, this challenge is waived.[5] Accordingly, Father's first and second issues are meritless.

Additionally, Father alleges that the trial court abused its discretion by imposing sanctions "*sua sponte*." Nevertheless, the trial court did not impose sanctions *sua sponte*. Mother motioned for sanctions, and the trial court's imposition of sanctions against Father was in direct response to Mother's motion. Father's third issue is therefore meritless.

Finally, Father argues that the trial court "erred and abused its discretion by imposing a sanction which provided that, for purposes of the support action, [Father]'s income was established at $4,388.00, without indicating whether this was his gross or net income[.]" Father's Brief at 27. Father is correct that the trial court should have specified in its sanctions

---

[5] Assuming this issue were not waived, Father still misapplies **Cove Centre, Inc. v. Westhafer Constr.**, 965 A.2d 259 (Pa. Super. 2009). While **Cove Centre** held that "both Rule 208.3 and Pa.R.C.P. 4019 effectively mandate oral argument whenever a discovery motion is neither uncontested nor facially meritless," **id.** at 263, Father disregards the fact Mother's motion for sanctions was deemed uncontested by operation of Schuylkill Cty. R.C.P. 208.3(b), due to Father's failure to file a timely response.

Moreover, the procedural history in **Cove Centre** can be distinguished from the current action in a number of ways. In **Cove Centre**, there was no prior order compelling discovery, the motion for discovery sanctions was granted three days after it was filed, and there was no record as to whether the motion for discovery sanctions was ever served upon the sanctioned party. 965 A.2d at 264. By contrast, here, there was an earlier order compelling discovery and a basis upon which to conclude that the sanctioned party was aware of the motion and had ample opportunity to respond.

order whether Father's stated income of $4,388 was gross or net income, because Pa.R.C.P. 1910.16-2 requires that "the amount of support to be awarded is based upon the parties' monthly net income." Hence, we remand this case to the trial court and vacate the orders of January 6, 2017, March 2, 2017, and June 13, 2017, for the limited purpose of allowing the trial court to clarify whether the income specified for Father in the January 2017 discovery sanction order was gross or net and to allow any necessary recalculation of the child support award as a result of that clarification.

Motion to quash denied. Order affirmed in part and vacated in part. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/27/2018