J-A10045-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DAVID ROBINSON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| AM RESORTS, L.P., AND AM | : | |
| RESORTS, L.L.C., AND AMR GP | : | |
| HOLDINGS, L.L.C., AND AMSTAR | : | |
| DMC, AND APPLE LEISURE GROUP, | : | |
| AND APPLE VACATION RESORTS, | : | |
| AND ATKINS & MULLEN TRAVEL, | : | |
| INC. T/A AND/OR D/B/A  APPLE | : | |
| VACATIONS, AND APPLE | : | |
| VACATIONS, L.L.C. AND SECRETS | : | |
| SILVERSANDS RIVIERA CANCUN | : | |
| | : | |
| Appellees | : | No. 2715 EDA 2018 |

Appeal from the Order Entered August 31, 2018
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  April Term, 2018, No. 1953

BEFORE:  GANTMAN, P.J.E., LAZARUS, J., and OTT, J.

MEMORANDUM BY GANTMAN, P.J.E.:                    **FILED MAY 14, 2019**

Appellant, David Robinson, appeals from the order entered in the

Philadelphia County Court of Common Pleas, which granted the

reconsideration motion filed on behalf of Appellees, AM Resorts, L.P., and AM

Resorts, L.L.C., and AMR GP Holdings, L.L.C., and Amstar DMC, and Apple

Leisure Group, and Apple Vacation Resorts, and Atkins & Mullen Travel, Inc.,

t/a and/or d/b/a Apple Vacations, and Apple Vacations, L.L.C. and Secrets

Silversands Riviera Cancun, vacated the court's prior order overruling their

preliminary objections, sustained their preliminary objections for improper

venue, and transferred the matter to the Delaware County Court of Common Pleas. We vacate and remand for further proceedings.

The relevant facts and procedural history of this case are as follows. On April 13, 2018, Appellant filed a negligence complaint against Appellees in the Philadelphia County Court of Common Pleas, for injuries Appellant allegedly sustained on April 15, 2016, when he slipped and fell at the Secrets Silversands Resort in Cancun, Mexico. Appellant filed an amended complaint on June 12, 2018. On July 2, 2018, Appellees filed preliminary objections based on, *inter alia*, improper venue. Appellant filed an answer on July 23, 2018. The court overruled the preliminary objections by order dated July 31, 2018, entered on the docket on August 1, 2018, with notice sent to the parties on August 3, 2018. Appellees filed a motion for reconsideration on August 17, 2018. On August 31, 2018, before Appellant had an opportunity to respond, the court granted Appellees' motion for reconsideration, vacated the prior order overruling their preliminary objections, sustained their preliminary objections for improper venue, and transferred the matter to the Delaware County Court of Common Pleas. Appellant timely filed a notice of appeal on September 6, 2018. On October 2, 2018, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), which Appellant timely filed on October 19, 2018.

Appellant raises one issue for our review:

> DID THE [TRIAL] COURT ERR AND/OR ABUSE ITS DISCRETION WHEN IT GRANTED [APPELLEES'] MOTION FOR RECONSIDERATION OF PRELIMINARY OBJECTIONS

AND TRANSFERRED VENUE TO DELAWARE COUNTY?

(Appellant's Brief at 4).

Appellant argues the court deprived him of an opportunity to respond to Appellees' motion for reconsideration. Appellant asserts the Pennsylvania Rules of Civil Procedure and Philadelphia Local Rules of Civil Procedure allowed him twenty (20) days to respond to Appellees' motion. Appellant claims the court acknowledged in its Rule 1925(a) opinion that it had granted Appellees' requested relief prematurely and asks this Court to remand the matter to the trial court for further proceedings. Appellant concludes the trial court failed to comply with the relevant rules of civil procedure, and this Court must vacate and remand for further proceedings.[1] We agree.

Pennsylvania Rule of Civil Procedure 208.3 provides:

> **Rule 208.3   Alternative Procedures**
>
> (a)   Except as otherwise provided by subdivision (b), the court shall initially consider a motion without written responses or briefs. **For a motion governed by this subdivision, the court may not enter an order that grants relief to the moving party unless the motion is presented as uncontested or the other parties to the proceeding are given an opportunity for an argument.**
>
> *Note:* Rule 208.3(a) does not prevent a court from denying the moving party's request for relief without the opportunity for an argument where the motion is procedurally defective, is untimely filed or fails to set forth adequate grounds for relief.

---

[1] Appellant also argues the court erred by transferring the case to Delaware County without permitting Appellant a chance to conduct further discovery on the issue of venue. Based on our disposition, we decline to address this claim.

Parties may choose to submit responses and briefs at the time of the presentation, provided that copies have been served on every other party. However, parties are not required to do so.

Rule 239.3(d) requires every court to promulgate Local Rule 208.3(a) describing the local court procedure governing motions under this rule.

(b) A court, by local rule, numbered Local Rule 208.3(b), may impose requirements with respect to motions listed in the rule for the filing of a response, a brief or both. **Where a response is required, any party opposing a motion governed by Local Rule 208.3(b) shall file the response within twenty days after service of the motion, unless the time for filing the response is modified by court order or enlarged by local rule.**

*Note:* Motions are governed by the procedure in subdivision (a) unless the court by local rule designates particular types of motions to be governed by the procedure in subdivision (b).

The twenty-day response period may be extended or reduced by special order of court. A local rule may only extend the time period.

A response shall be filed by any party opposing a motion governed by subdivision (b) even if there are no contested issues of fact because the response is the opposing party's method of indicating its opposition.

Rule 208.3(b) authorizes each court of common pleas to impose requirements of responses and briefs with respect to designated motions. Rule 239.3(e) requires each court which has imposed such requirements to promulgate a local rule, numbered Local Rule 208.3(b), listing the motions and the requirements.

Rule 239.3(e) also provides that Local Rule 208.3(b) must describe the local court procedure governing motions under subdivision (b) and may allow the court to treat the motion as uncontested if a response is not filed.

Pa.R.C.P. 208.3 (emphasis added). Philadelphia Local Rule 208.3 provides, in

pertinent part:

> **Rule \*208.3(a). Motions Initially Considered Without Written Response or Briefs**
>
> \* \* \*
>
> **(3) Motions for Reconsideration.** Motions for Reconsideration shall be forwarded to the appropriate judge immediately upon filing, and the filing party must serve a copy of the motion as provided in subsection (b)(3)(C). In appropriate cases, the assigned judge may enter a preliminary order vacating the order in question pending receipt of the response to the motion.

Phila.L.R.C.P. 208.3(a)(3).

> **Rule \*208.3(b). Motions Considered After Response Period. Briefs.**
>
> \* \* \*
>
> **(2) *Non-Discovery Motions*.**
>
> \* \* \*
>
> (B) *Control Number. Response Date.* Other than as provided in Phila.Civ.R. \*208.3(a) and except for Summary Judgment Motions (which have a thirty (30) day response period), all Motions have a twenty (20) day response period. Upon filing, the Motion Clerk shall enter on the Cover Sheet a unique Control Number which must be used on all Responses, and shall enter the 'Response Date' on or before which all Responses must be filed by any party.

Phila.L.R.C.P. 208.3(b)(2)(B).

This Court has previously vacated and remanded for further proceedings where a trial court failed to comply with the requirements of Rule 208.3, stating:

> In accordance with that Rule [208.3], as well as the local rule, the trial court could not grant Cove Centre's Motion for Sanctions without first convening oral argument or an evidentiary hearing unless the motion was uncontested. Based on the record before us, we do not find that precondition satisfied. The trial court granted the Motion without recourse to an order compelling discovery and did so only three days after the Motion for Sanctions was filed. Moreover, the docket offers no indication of when or if the Motion was served upon Westhafer. Because we find no basis upon which to conclude that Westhafer was aware of the Motion or **had ample opportunity to respond**, we cannot deem the Motion uncontested. Accordingly, Rule 208.3 and its local analog would appear to mandate that oral argument or an evidentiary hearing be convened prior to entry of the trial court's order. The court's failure to convene such a proceeding constitutes error.

*Cove Centre, Inc. v. Westhafer Const., Inc.*, 965 A.2d 259, 264 (Pa.Super. 2009) (emphasis added). *See also In re Bridgeport Fire Litigation*, 5 A.3d 1250 (Pa.Super. 2010) (holding trial court's order granting motion for compensation of claims administrator denied respondents opportunity to respond and object, where court granted motion prior to expiration of 30-day response deadline set forth in Montgomery County Local Rule 208.3(b)(2); remanding with instructions that court require notice and opportunity to object as provided in relevant rules of court prior to issuing order).

Instantly, Appellees filed preliminary objections based on improper venue on July 2, 2018, which the court overruled by order dated July 31,

2018, entered on the docket on August 1, 2018, with notice sent to the parties on August 3, 2018. On August 17, 2018, Appellees filed a motion for reconsideration. Under state and local Rule 208.3(b), Appellant had twenty (20) days to respond to Appellees' motion. **See** Pa.R.C.P. 208.3(b); Phila.L.R.C.P. 208.3(b)(2)(B). Thus, Appellant's response was due on or before September 6, 2018. Prior to expiration of the 20-day response period, however, the court granted Appellees' motion for reconsideration on August 31, 2018, vacated the order overruling their preliminary objections, sustained the preliminary objections based on improper venue, and transferred the matter to the Delaware County Court of Common Pleas. In its opinion, the trial court acknowledges its error and asks us to remand the case for further consideration. We agree with the trial court that remand is required, where Appellant was deprived of the opportunity to respond to Appellees' motion for reconsideration. **See id.**; **In re Bridgeport Fire Litigation, supra**; **Cove Centre, supra**. Accordingly, we vacate and remand for further proceedings.

Order vacated; case remanded for further proceedings. Jurisdiction is relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/14/19