# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jean Dovin, individually and as     :
Successor to the interests of Paul     :
Dovin by operation of law,     :
            Appellants     :
    :
        v.     :   No. 859 C.D. 2022
    :   SUBMITTED: May 5, 2023
Kenneth L. & Kay W. Sweitzer,     :
Caernarvon Township, and Hopewell     :
Christian Fellowship of Elverson     :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE ELLEN CEISLER, Judge
                 HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                 **FILED: July 12, 2023**

Jean Dovin,[1] individually and as successor to the interests of Paul Dovin by operation of law, appeals from an order of the Court of Common Pleas of Berks County denying the petition to open judgment of non pros. Judgment was entered following motions for sanctions filed by Caernarvon Township and Kenneth L. and Kay W. Sweitzer (the Sweitzers) given the Dovins' continued failure to comply with a discovery order. We affirm.

---

[1] While this matter was initiated by both Jean Dovin and her husband Paul Dovin, the Court is aware of the unfortunate passing of Paul Dovin last year. Since both husband and wife owned the property at issue and participated in this litigation throughout its extensive history, the Court will refer to "the Dovins" as owners of the property throughout this opinion. *See* Dovins' Br. at 9.

This matter has an extensive factual and procedural background which need not be recited here in its entirety. The facts pertinent to the current appeal are as follows.

The Dovins own property within the Township located at 225 Ammon Road, Berks County, Pennsylvania. The property is improved with a dwelling and a barn and is located near property owned by Hopewell Christian Fellowship of Elverson (Church). The Dovins allege that Church has deficient storm water management facilities on its property, and that these deficiencies have and continue to cause damage to the property. More specifically, they aver that storm water runoff from Church's property flows across a road toward an open field owned by the Sweitzers. (Reproduced Record "R.R." at 3a-4a.) However, they maintain that a berm on the Sweitzers' property alters the natural flow of the storm water and channels it onto the Dovins' property. (*Id.* at 4a.) The Dovins also claim that the Township has acquiesced in the Sweitzers' conduct and that the Township's construction of artificial channels and removal of trees further directs storm water onto the property, causing damage. (*Id.*)

In November 2016, the Dovins filed a 12-count civil complaint in the trial court naming the Sweitzers, the Township, and Church as defendants (collectively, Defendants). The complaint includes claims for continuing trespass, nuisance, violations of the Storm Water Management Act,[2] negligence, concerted tortious action, and permanent injunction. Notably, in addition to various forms of injunctive relief to prevent continued damage to the property, the Dovins seek monetary damages in excess of $50,000, plus consequential and incidental damages, punitive damages, and costs. (R.R. at 1a-21a.)

---

[2] Act of October 4, 1978, P.L. 864, *as amended*, 32 P.S. §§ 680.1 – 680.17.

Discovery commenced and in April 2018, the Township requested that the Dovins permit an inspection of the property by its real estate appraiser, Don Paul Shearer. The Dovins objected to an interior inspection of the structures on the property; as such, in July 2018, they filed a motion for protective order to preclude Shearer from entering or analyzing the structures. The Dovins asserted that because the structures were not alleged to have been directly damaged by storm water they were not relevant to the litigation, and therefore agreed only to a view of the affected land. Defendants opposed the motion on the basis that an analysis of the fair market value of the property, as a whole, was necessary to determine the proper measure of damages and to adequately defend against this action.

The trial court conducted a hearing on the motion on August 14, 2018, at which Shearer was qualified as an expert in real estate appraisal without objection. He testified that he cannot value a property based solely on information provided by the landowner, that a walk-through of the structures is needed to determine if they are structurally sound, and that the property damage alleged by the Dovins cannot be valued without an appraisal. The Dovins did not retain an expert or present any evidence to refute this testimony.

At the conclusion of the hearing, the trial court issued an order denying the Dovins' motion and ordering that they permit Shearer "to inspect the property, including the interior of all improvements thereon, for purposes of a real estate appraisal associated with this litigation, in [the] next two weeks." (R.R. at 119a, "Inspection Order.") Rather than complying with the Inspection Order, the Dovins filed a motion for reconsideration, which was denied following argument, and then appealed to this Court. By order dated January 10, 2019, this Court granted Defendants' motion to quash, holding that the Inspection Order was interlocutory

3

and not appealable as a collateral order under Pennsylvania Rule of Appellate Procedure (Pa.R.A.P.) 313. *Dovin v. Sweitzer* (Pa. Cmwlth., No. 1180 C.D. 2018, filed Jan. 10, 2019.) Undeterred, the Dovins subsequently filed a petition for allowance of appeal to the Pennsylvania Supreme Court and a petition for writ of certiorari in the Supreme Court of the United States, both of which were denied.[3]

Following exhaustion of these appeals, the Township resumed efforts to schedule the appraisal and made several attempts at inspection. When these repeated attempts failed, in June 2020 the Township and the Sweitzers filed motions for sanctions against the Dovins pursuant to Pennsylvania Rule of Civil Procedure (Pa.R.Civ.P.) 4019.[4] The motions sought dismissal of the action with prejudice or entry of a judgment of non pros given the Dovins' continued failure to comply with the Inspection Order. The Dovins responded by filing a motion for emergency relief from the Inspection Order based on the following: they are elderly and had concerns about allowing Shearer into the structures because of potential COVID-19 exposure; and they had increased their use of the property and were using the structures thereon daily, thus asserting for the first time a right to privacy.

The trial court held a hearing on the motions for sanctions and for emergency relief on July 16, 2020. While the Dovins did not attend, their daughter, Deborah Dovin, represented their interests. Ms. Dovin testified that her parents do

---

[3] Separate from the appeals involving the Inspection Order, the Dovins' prior counsel sought permission from the trial court to withdraw their representation due to the Dovins' purported failure to pay legal fees. The trial court denied the request and this Court affirmed on appeal. *See Dovin v. Sweitzer* (Pa. Cmwlth., No. 464 C.D. 2019, filed May 13, 2020).

[4] Rule 4019 pertains to discovery sanctions and permits a court, upon motion, to "make an appropriate order if . . . (viii) a party or person otherwise fails to make discovery or to obey an order of court respecting discovery." Pa.R.Civ.P. 4019(a)(1)(viii). When acting under subsection (a), a court "may make . . . an order . . . entering a judgment of non pros or by default against the disobedient party[.]" Pa.R.Civ.P. 4019(c)(3).

4

not live on the property but visit it regularly. She was asked directly several times if she, her parents, or anyone else would permit the inspection, and her answer was always a resounding no, even when told that a refusal could result in dismissal of the case. (R.R. at 566a-67a; Township's Supplemental Reproduced Record "S.R.R." at 116b-17b.) Notably, Ms. Dovin admitted that a contractor was allowed on the property just a week before the hearing to dig a well, that the contractor was permitted to enter the dwelling to install a well pump, and that she was present at the time.

The trial court subsequently issued an order[5] granting the motions for sanctions and entering judgment of non pros against the Dovins as a discovery sanction, dismissing all claims with prejudice.[6] The Dovins filed a petition to open the judgment of non pros pursuant to Pa.R.Civ.P. 3051 (petition to open), requesting the issuance of a rule to show cause as well as an evidentiary hearing. (R.R. at 454a-66a.) Following yet another hearing, and given the Dovins' continued refusal to comply, the trial court denied the Dovins' petition to open and this appeal followed.

The Dovins argue that the trial court erred in refusing to open the judgment of non pros because this sanction was unnecessarily harsh in light of alternative measures such as the preclusion of evidence and/or the taking of adverse evidentiary inferences. The Dovins assert that the nature and severity of the alleged discovery violation is limited as they only refused to comply with one order, and that

---

[5] The trial court initially issued an order on July 17, 2020, granting the motions for sanctions and dismissing the Dovins' action with prejudice. (R.R. at 445a.) In response to the Dovins' motion for clarification or to modify that order, the trial court issued an order on August 31, 2020, clarifying that its prior order was in the nature of an order entering judgment of non pros against the Dovins on all claims as a discovery sanction. (R.R. at 451a-52a.)

[6] The trial court issued a separate order on July 17, 2020, denying the Dovins' motion for emergency relief. (R.R. at 439a.)

5

they advanced legitimate reasons for their refusal, thus demonstrating that they did not act in bad faith or willfully fail to comply. Further, they maintain that there is, at most, limited prejudice to Defendants because an appraisal of the property is not necessary to defend against claims for equitable relief, and that any such prejudice could be cured by way of a preclusion order. We disagree in all respects.

"In general, the imposition of sanctions for a party's failure to comply with a trial court's discovery orders is left to the discretion of the trial court as are the sanctions themselves." *Hill v. Kilgallen*, 108 A.3d 934, 941 (Pa. Cmwlth. 2015) [citing *Cove Centre, Inc. v. Westhafer Constr., Inc.*, 965 A.2d 259 (Pa. Super. 2009)]. The trial court's discretion, however, is not unfettered. In particular, "because 'dismissal is the most severe sanction, it should be imposed only in extreme circumstances, and a trial court is required to balance the equities carefully[.]'" *Rohm and Haas Co. v. Lin*, 992 A.2d 132, 142 (Pa. Super. 2010) (quoting *Cove Centre, Inc.*, 965 A.2d at 261). Mindful "that each factor represents a necessary consideration and not a necessary prerequisite," *Cove Centre, Inc.*, 965 A.2d at 262, our courts have compiled the following factors to consider in this balancing process:

> (1) the nature and severity of the discovery violation;
>
> (2) the defaulting party's willfulness or bad faith;
>
> (3) prejudice to the opposing party;
>
> (4) the ability to cure the prejudice; and
>
> (5) the importance of the precluded evidence in light of the failure to comply.

6

*Commonwealth by Shapiro v. Vision Prop. Mgmt., LLC* (Pa. Cmwlth., No. 1330 C.D. 2021, filed April 11, 2023), slip op. at 19[7] (quoting *Cove Centre, Inc.*, 965 A.2d at 262). In addition, given the severity of the sanction, "appellate review is stringent." *Cove Centre, Inc.*, 965 A.2d at 261.

We begin with the first consideration listed above, the nature and severity of the discovery violation. The Dovins attempt to characterize their failure to comply with the Inspection Order as "a single act in a multi-faceted case tableau," and "not part of a pattern of violation of orders." (Dovins' Br. at 17.) Such characterization is overly simplistic and ignores the ongoing nature of the violation, which has now spanned almost five years. It also ignores the Dovins' blatant refusal to comply after exhausting every possible appeal. The fact that the Dovins disagree with the Inspection Order is of no moment. As the Superior Court has noted, "[a] party's belief that discovery orders are wrong does not justify or excuse its violation of those orders. Rather, such defiance is a direct affront to the authority of the trial court and to the integrity of the judicial system and rule of law." *Rohm and Haas Co.*, 992 A.2d at 143 (citations omitted).

This ties into the second consideration, the defaulting party's willfulness or bad faith. For almost five years the Dovins have refused to comply with the Inspection Order, "flaunting [their] disrespect for the court" even when explicitly warned that continued failure to comply would likely result in dismissal. *Croydon Plastics Co., Inc. v. Lower Bucks Cooling & Heating*, 698 A.2d 625, 630 (Pa. Super. 1997). The Dovins' argument that their refusal to allow entry into the structures on the property was motivated by medical concerns is specious since they

---

[7] Unreported panel decisions of this Court may be cited for their persuasive value pursuant to Pa.R.A.P. 126(b)(1), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

do not reside at the property, their initial refusal predated the COVID-19 pandemic, and they admittedly allowed a contractor to enter the structures the week before the sanctions hearing. The trial court exercised extraordinary patience here and gave the Dovins multiple opportunities to comply, but they chose not to do so. Simply put, the Dovins' delay and excuses have been "obstreperous, dilatory, and unreasonable." (S.R.R. at 119b.) *See Rohm and Haas Co.*, 992 A.2d at 144 (plaintiff demonstrated willful defiance as she "failed to comply with the court's orders for five years and expressed no intention of ever complying").

As for the remaining considerations, Defendants have been "unable to prepare a defense or evaluate the worth of the action since [its] inception" given the Dovins' refusal to comply with the Inspection Order. *Poulos v. Dep't of Transp.*, 575 A.2d 967, 969 (Pa. Cmwlth. 1990). Defendants have also "incurred continuous and substantial legal expenses in repeatedly trying to obtain the most basic of discovery information," and having to defend themselves through multiple appeals. *Id.* at 969-70. It is doubtful the Dovins can adequately cure the prejudice with respect to Defendants' ability to value the property given the significant passage of time and changes in or improvements to the property in the intervening years. Moreover, if the Dovins no longer wanted to seek monetary damages they could and should have withdrawn those claims. They did not.

Given all of the above, we find no abuse of discretion in the trial court's denial of the petition to open. Accordingly, we affirm.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

8

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jean Dovin, individually and as    :
Successor to the interests of Paul    :
Dovin by operation of law,    :
                 Appellants    :
                       :
             v.           :   No. 859 C.D. 2022
                       :
Kenneth L. & Kay W. Sweitzer,    :
Caernarvon Township, and Hopewell    :
Christian Fellowship of Elverson    :

# **O R D E R**

AND NOW, this 12th day of July, 2023, the order of the Court of Common Pleas of Berks County is hereby AFFIRMED.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita