84 A.3d 698

**In the Interest of C.S., a Juvenile.**

**Appeal of Commonwealth of Pennsylvania.**

Supreme Court of Pennsylvania.

Jan. 23, 2014.

Heather F. Gallagher, James Bernard Martin, Lehigh County District Attorney's Office, for Commonwealth of Pennsylvania.

Andrea Dawn Olsovsky, Christian Michael Perrucci, Lehigh County Public Defender's Office, Marsha Levick, Riya Saha Shah, Juvenile Law Center, Philadelphia, for C.S.

### ORDER

PER CURIAM.

**AND NOW,** this 23rd day of January, 2014, the order of the court of common pleas is **REVERSED,** the delinquency peti-

tion is **REINSTATED,** and the case is **REMANDED** to the court of common pleas for resolution of any issues C.S. properly raised in her motion to dismiss. The court erred when it *sua sponte* raised a vagueness challenge to 18 Pa.C.S. § 6312 and declared the statute unconstitutional on that basis. *See MacGregor v. Mediq, Inc.,* 395 Pa.Super. 221, 576 A.2d 1123, 1128 (1990) (determining it was improper for trial court to act as advocate and *sua sponte* raise defenses on behalf of a party). By failing to raise such a challenge in the trial court, C.S. waived the issue for purposes of appeal. *See Commonwealth v. Klobuchir,* 486 Pa. 241, 405 A.2d 881, 883–84 (1979) (holding that issues, even of constitutional dimension, cannot be raised for the first time on appeal); *see also* Pa.R.A.P. 302(a). C.S.'s additional argument that we should address the constitutional issue now in the interest of judicial economy is meritless, because she cannot raise the issue on remand. *See* Pa.R.J.C.P. 346 ("Unless otherwise required in the interests of justice, all pre-adjudicatory requests for relief shall be included in one omnibus motion filed prior to the adjudicatory hearing.").

Justices EAKIN and TODD join the order reversing and remanding the case, but express no opinion on matters of waiver.