J-S40016-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| THE JACOBS LAW GROUP, P.C. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| NABIL KASSEM AND NMK | : | |
| RESOURCES, INC | : | |
| | : | |
| Appellants | : | No. 497 EDA 2020 |

Appeal from the Judgment Entered January 23, 2020
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  No. 170208142

BEFORE:   SHOGAN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KING, J.:                           Filed: January 28, 2021

Appellants, Nabil Kassem and NMK Resources, Inc., appeal from the judgment entered in the Philadelphia County Court of Common Pleas, in favor of Appellee, The Jacobs Law Group, P.C.  We affirm.

The relevant facts and procedural history of this case are as follows.  On March 3, 2017, Appellee filed a complaint against Appellants, who were former clients of Appellee, seeking unpaid legal fees.  On June 19, 2017, Appellants filed an answer with new matter and counterclaims for (1) professional negligence/malpractice; (2) breach of contract; (3) breach of fiduciary duty; (4) unjust enrichment; and (5) violation of the Unfair Trade Practices and Consumer Protection Law.

---

[*] Retired Senior Judge assigned to the Superior Court.

The trial court summarized some of the subsequent procedural history as follows:

> After [Appellee] granted multiple extensions of time for [Appellants] to respond to discovery requests, [Appellee] filed its first motion to compel on June 11, 2018. The court entered an order by agreement on July 2, 2018 that [Appellants] shall provide complete responses to [Appellee]'s discovery demands by July 16, 2018. [Appellants'] responses provided around that date were ostensibly complete, and [Appellee] proceeded with the deposition of [Appellant] Mr. Kassem on September 7, 2018. During that deposition, Mr. Kassem admitted he had not conducted a complete search of documents and failed to search his personal e-mail account which he used to communicate with his former business partner and part owner of the business which he sought to divide in the underlying matter. According to [Appellee], the communications contained in the personal email would likely reveal agreements, admissions, and other information pertinent to [Appellee]'s defenses of the counterclaim.
>
> A few weeks later, just prior to the initial October 1, 2018 discovery deadline, [Appellants'] counsel stated for the first time that [Appellants] had not provided a significant amount of relevant documents.[2] This failure was in direct contravention of this court's July 2, 2018 order. On September 1[4], 2018, [Appellants] sent a hard drive containing the purportedly remaining production of documents to counsel for [Appellee]. As with the initial document production, none of the documents were Bates-stamped nor identified as being responsive to [Appellee]'s document requests. Thereafter, [Appellee] filed a motion for sanctions seeking the dismissal of [Appellants'] counterclaim as a result of [Appellants'] withholding of documents and a motion for extraordinary relief to extend discovery deadlines. On September 27, 2018, [Appellants] produced over 15,000 more pages of documents, none of which included the emails that were the subject of [Appellee]'s sanctions motion.
>
> [2] Specifically, counsel for [Appellants]…stated, "My receptionist advises we have boxes of docs hidden

away in the front of our ofc-which I do not now know if they have been requested by nor tendered by you to us (or us to you): *i.e.*, the file is a mess."

Oral argument on the sanctions motion was held on October 1, 2018. [Appellants], through counsel, represented that [they] would produce the outstanding emails and [Appellee] agreed to withdraw its motion for sanctions. Subsequently, on October 4, 2018, the court entered an order extending discovery deadlines. Following threats of motion practice, [Appellants] produced approximately 1,000 documents on November 20, 201[8], purportedly including the missing emails requested by [Appellee]. Upon review, [Appellee] discovered [Appellants] did not provide any of the attachments to the emails.

Counsel for [Appellee] has, in good faith, made efforts at its own expense to obtain the requisite discovery. On January 3, 2019, [Appellee] provided [Appellants] with a thumb drive containing Bates-stamped version of all documents [Appellants] provided, and advising [Appellants] what attachments were missing and a request for a privilege log of redacted documents. This letter went unanswered.

On January 23, 2019, [Appellants] filed a motion for protective order requesting that [Appellee] bear the burden and expense for production of the same documents [Appellants] represented to the court it would produce. [Appellee] responded with a cross-motion to compel and for sanctions. Thereafter, at a court appearance on February 11, 2019, [Appellants] agreed to re-produce the emails with the corresponding attachments and produce a privilege log within twenty days. Once again, [Appellants] provided insufficient responses, producing only 50 of the 500 requested emails. Correspondence between counsel continued as [Appellants] repeatedly produced a fraction of what [Appellee] requested. No further emails were procured until March 1, 2019.

Finally, on March 4, 2019, [Appellee] filed a 47 page motion for extraordinary relief seeking a ninety day extension— counsel's sixth motion for extraordinary relief. On March 6, 2019, denying the motion for extraordinary relief, the court [directed Appellee] file a motion for sanctions "including but

not limited to preclusion."

(Trial Court Opinion, filed May 3, 2019, at 2-4) (internal citation omitted).

Appellee filed a motion for sanctions on April 2, 2019, seeking judgment of *non pros* on Appellants' counterclaims. Appellants filed a cross-motion on April 23, 2019, to strike the motion for sanctions or, in the alternative, for recusal and to vacate the March 6, 2019 order. On May 3, 2019, the court entered judgment of *non pros* against Appellants and dismissed Appellants' counterclaims with prejudice. Appellants filed a petition to open judgment on May 13, 2019, and Appellee filed a summary judgment motion on May 20, 2019. On July 2, 2019, the court denied Appellants' petition to open judgment. On July 16, 2019, the court granted Appellee's motion for summary judgment and entered judgment in favor of Appellee as to liability. The court also scheduled a hearing on the issue of damages.

The court conducted the damages hearing on October 7, 2019, and on December 3, 2019, issued an order awarding damages in favor of Appellee in the amount of $140,130.54. On December 12, 2019, Appellants timely filed a post-trial motion, which the court denied on January 2, 2020. On January 23, 2020, the court entered judgment in favor of Appellee. Appellants timely filed a notice of appeal on January 24, 2020. The court did not order Appellants to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and none was filed.

Appellants raise the following issues for our review:

> Was the Court of Common Pleas precluded as a matter of law from *sua sponte* directing [Appellee's] motion for discovery sanctions (and therefore, the order granting same)? Alternatively, if this … Court determines that the Court of Common Pleas did not abandon its role of neutrality and thereby commit reversible error, did the trial court commit reversible error by agreeing to a joint petition for extraordinary relief (to extend the discovery deadline) and thereafter denying same?
>
> Did the Court of Common Pleas commit reversible error by entering discovery sanctions? In the alternative, if this… Court determines discovery sanctions are warranted, did the Court of Common Pleas err by entering the sanction of *non pros*?

(Appellants' Brief at 16).

In their first issue, Appellants assert they filed a motion for a protective order on January 23, 2019, and in response, Appellee filed a motion to compel discovery and to request sanctions. Appellants allege the parties ultimately resolved their "warring" discovery motions, and agreed to file a joint petition for extraordinary relief to extend discovery deadlines. Appellants maintain the court even provided "pre-approval" for the proposed petition for extraordinary relief. Notwithstanding the parties' agreement, Appellants contend Appellee unilaterally filed the "joint" petition, which Appellants describe as "a one-sided detailed diatribe of discovery abuses of [Appellants]." (Appellants' Brief at 23). As a result, Appellants claim the court ultimately denied the petition for extraordinary relief and went a step further by directing Appellee to file a motion for sanctions.

Appellants insist the court abandoned its role of neutrality and

impermissibly acted *sua sponte* by instructing Appellee to file the motion for sanctions. Alternatively, and at the very least, Appellants suggest the trial court committed reversible error by pre-approving the petition for extraordinary relief and later denying it. Appellants conclude this Court should reverse the trial court's judgment of *non pros*, as well as the judgment as to liability and damages in favor of Appellee. We disagree.

Preliminarily, appellate briefs must conform in all material respects to the briefing requirements in the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. When an appellant fails to raise or develop his issues on appeal properly, or where his brief is wholly inadequate to present specific issues for review, this Court can decline to address the appellant's claims on the merits. ***Butler v. Illes***, 747 A.2d 943 (Pa.Super. 2000). ***See also Lackner v. Glosser***, 892 A.2d 21 (Pa.Super. 2006) (explaining arguments must adhere to rules of appellate procedure and arguments which are not appropriately developed are waived; arguments not appropriately developed include those where party has failed to cite authority to support contention); ***Estate of Haiko v. McGinley***, 799 A.2d 155 (Pa.Super. 2002) (stating appellant must support each question raised by discussion and analysis of pertinent authority; absent reasoned discussion of law in appellate brief, appellant hampers this Court's review and risks waiver).

Instantly, Appellants cite to only one case in the argument section of their brief regarding this issue. Appellants fail to provide any other citations

to relevant legal authority or to the record. Moreover, the sole case on which Appellants rely, **In re C.S.**, 624 Pa. 212, 84 A.3d 698 (2014) (*per curiam order*), is distinguishable from the instant case. In **In re C.S.**, our Supreme Court determined the trial court erred in *sua sponte* raising a defense on behalf of the appellant who, in failing to raise such a challenge herself, waived the issue for purposes of appeal. **See id.**

Here, however, the trial court did not raise or file any claims on behalf of Appellee. Rather, due to Appellants' repeated failures to provide discovery and comply with court orders, the court essentially informed Appellee that it could renew its earlier-filed motion for sanctions, which Appellee had ultimately withdrawn based on Appellants' representations that they would turn over the requested e-mails. Because Appellants have failed to provide us with any relevant legal authority in support of their first issue, it is waived on appeal. **See Lackner, supra**.

In their second issue, Appellants argue the trial court erred by imposing discovery sanctions where there was no basis for doing so. Appellants contend the court had not entered any sanctions previously and, although there were many discovery deadline extensions in this matter, all discovery motions were amicably resolved. Further, Appellants emphasize that the factors laid out in **Cove Centre, Inc. v. Westhafer Const., Inc.**, 965 A.2d 259 (Pa.Super. 2009), such as the defaulting party's willfulness and prejudice to the opposing party, were not present in this case to justify sanctions.

Even if sanctions were warranted, Appellants insist the entry of *non pros* was not. Appellants maintain that dismissal is the most extreme sanction and the trial court "reacted emotionally" in response to "[Appellee]'s petition's unilateral provocation" in entering the judgment of *non pros*. (Appellants' Brief at 26). Appellants conclude this Court should reverse the trial court's judgment of *non pros*, as well as the judgment in favor of Appellee on liability and damages. We disagree.

Pennsylvania Rule of Civil Procedure 4019 governs the imposition of discovery sanctions as follows:

**Rule 4019. Sanctions**

(a)(1) The court may, on motion, make an appropriate order if[:]

\* \* \*

(viii) a party or person otherwise fails to make discovery or to obey an order of court respecting discovery.

\* \* \*

(c) The court, when acting under subdivision (a) of this rule, may make[:]

\* \* \*

(3) an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or entering a judgment of *non pros* or by default against the disobedient party or party advising the disobedience[.]

\* \* \*

(5) such order with regard to the failure to make discovery as is just.

- 8 -

* * *

Pa.R.C.P. 4019(a)(1)(viii), (c)(3), (c)(5).

"[T]he purpose of discovery sanctions is to secure compliance with our discovery rules and court orders in order to move the case forward and protect the substantive rights of the parties, while holding those who violate such rules and orders accountable." *Rohm & Haas Co. v. Lin*, 992 A.2d 132, 147 (Pa.Super. 2010), *cert. denied*, 565 U.S. 1093, 132 S.Ct. 852, 181 L.Ed.2d 550 (2011). Defiance of discovery orders "is a direct affront to the authority of the trial court and to the integrity of the judicial system and rule of law." *Id.* at 143.

> Generally, imposition of sanctions for a party's failure to comply with discovery is subject to the discretion of the trial court as is the severity of the sanctions imposed. Nevertheless, the court's discretion is not unfettered: because dismissal is the most severe sanction, it should be imposed only in extreme circumstances, and a trial court is required to balance the equities carefully and dismiss only where the violation of the discovery rules is willful and the opposing party has been prejudiced.

*Id.* at 142 (internal citations, quotation marks, and emphasis omitted). "[T]he exercise of judicial discretion in formulating an appropriate sanction [o]rder requires the court to select a punishment which 'fits the crime.'" *Weist v. Atlantic Richfield Co.*, 543 A.2d 142, 144 (Pa.Super. 1988). Appellate review of a discovery sanction that results in dismissal is stringent, and our standard of review of such a sanction is strict scrutiny. *Rohm & Haas, Co., supra* at 141-42; *Cove Centre, Inc., supra* at 261.

- 9 -

"[W]here a discovery sanction either terminates the action directly or would result in its termination by operation of law, the [trial] court must consider multiple factors balanced against the necessity of the sanction." *Anthony Biddle Contrs., Inc. v. Preet Allied Am. St., LP*, 28 A.3d 916, 926 (Pa.Super. 2011).

> The following factors are applied to determine whether dismissal is appropriate as a discovery sanction:
>
> (1) the nature and severity of the discovery violation;
>
> (2) the defaulting party's willfulness or bad faith;
>
> (3) prejudice to the opposing party;
>
> (4) the ability to cure the prejudice; and
>
> (5) the importance of the precluded evidence in light of the failure to comply.

*Scampone v. Grane Healthcare Company*, 169 A.3d 600, 628 (Pa.Super. 2017), *appeal denied*, 647 Pa. 64, 188 A.3d 388 (2018). **See also Cove Centre, Inc., supra** at 262. This Court has consistently placed greater emphasis on (i) the prejudice to the non-offending party and the ability to cure that prejudice, and (ii) the willfulness of the offending party's conduct. *City of Philadelphia v. Fraternal Order of Police Lodge No. 5 (Breary)*, 604 Pa. 267, 286, 985 A.2d 1259, 1271 (2009). Importantly, "each factor represents a necessary consideration, not a necessary prerequisite." **Rohm & Haas Co., supra** at 142.

Instantly, in its May 3, 2019 opinion explaining its decision to enter the

- 10 -

judgment of *non pros* against Appellants, the trial court reasoned as follows:

> Here, [Appellants'] repeated failure to expeditiously comply with discovery obligations warrants a judgment of *non pros* with regard to the counterclaims against [Appellee]. On July 2, 2018, this court ordered [Appellants] to produce complete discovery responses by July 16, 2018. Over the next eight months, [Appellants] repeatedly violated the court's order by either failing to provide responses or providing incomplete responses, most often produced only after [Appellee]'s threats of motion practice and further court involvement.
>
> In analyzing the [relevant] factors determining the appropriateness of sanction in the form of dismissal…, it is clear judgment of *non pros* is fitting. The nature and severity of [Appellants'] discovery violations has been significant and continuous. In sum, [Appellants] failed to produce requested documents, produced a fraction of what was requested only after threats of court involvement, and displayed general obstinance to [Appellee]'s good faith efforts to receive the missing discovery.
>
> Regarding the defaulting party's willfulness or bad faith, irrespective of whether [Appellants'] failures to produce during the discovery period is simply a lack of due diligence or rather a pernicious effort to "run the clock" on the discovery period to prevent [Appellee] from adequate preparation, the result is the same: a confusing, wasteful, and needlessly expensive process. Moreover, [Appellants have] not provided any compelling reason for these repeated delays that would warrant a lesser sanction. Both the court and [Appellee] have given [Appellants] many chances to rectify its discovery abuses and provide appropriate answers to discovery requests: the court extended the deadlines on multiple occasions and, out of professional courtesy, [Appellee] agreed to additional extensions.
>
> …[I]t is clear that [Appellants'] failures have prejudiced [Appellee] in defending the counterclaim. [Appellee] has proceeded with preparing its defense without sufficient discovery responses, emails, documents, and important depositions such as Neal Jacobs, and at this point, expert

witnesses. As the discovery period closed April 1, 2019, and given the pattern of behavior from [Appellants] in withholding necessary responses, the prejudice suffered by [Appellee] is unlikely to be cured.

In light of the fact that this court has entertained significant discovery motion practice, the lack of explanation from [Appellants] for the discovery failures, and the prejudice to [Appellee] that likely results from [Appellants'] failures, the court is not inclined to impose a lesser sanction. The discovery [Appellants have] produced to [Appellee] has been piecemeal, disorganized, and insufficient. [Appellants'] conduct has turned this litigation process into a pathetic spectacle where court orders have no force, agreements no meaning, and the costs of litigation are unimportant. Such unprofessional conduct undermines the judicial process and cannot simply be cured by another motion for extraordinary relief or extension of deadlines. It may, however, be deterred by the knowledge that such unprofessional conduct bears consequences which are harsh, but justified. It is the duty of this court and all courts to ensure the discovery process is respected, both for the sake of clients and the judicial system.

(Trial Court Opinion at 6-8). We agree with the trial court's analysis. The facts of this case demonstrate that Appellants exceeded the limits of discovery tolerance, and the record supports the sanctions imposed. *See Rohm & Haas, Co., supra*. Accordingly, we affirm.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/28/21

- 12 -